UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x
JOSEPH SCUTERI,

                Plaintiff,

  -against-

CITY OF NEW YORK, THE CITY OF NEW
YORK DEPARTMENT OF SANITATION,
KATHRYN GARCIA as Commissioner of the
New York City Department of Sanitation, THE
NEW YORK CITY CIVIL SERVICE
COMMISSION, NANCY G. CHAFFETZ as
Chairperson of the New York City Civil
Service Commission,

                Defendants.
--------------------------------------------------------x

**MEMORANDUM AND ORDER**
Case No. 15-cv-05082-FB-LB

*Appearances*:
*For Plaintiff*:
RALPH G. REISER
3 Walnut Drive
PO Box 171
Syosset, NY 11791

*For Defendants*:
GARRETT SCOTT KAMEN
New York City Law Department
100 Church Street
New York, NY 10007

**BLOCK, Senior District Judge:**

      Joseph Scuteri sued the City of New York, the New York City Department of Sanitation ("NYDS" or "the Department"), NYDS Commissioner Kathryn Garcia, the New York City Civil Service Commission ("CSC"), and CSC Chairperson Nancy G. Chaffetz (collectively, "Defendants") for employment discrimination based on disability under Title I and II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12112; Section 504 of the Rehabilitation Act of 1974, 29 U.S.C. § 701; New York State Human Rights Law, N.Y. Exec. Law § 290 ("NYSHRL"); and New York City Human Rights

Law, N.Y.C. Admin. Code § 8-101. The Defendants move to dismiss the complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth below, the motion is granted in part and denied in part.

I.

On a motion to dismiss under Rule 12(b)(6), the Court accepts the factual allegations in the complaint as true and draws all reasonable inferences in the plaintiff's favor. *See Krys v. Pigott*, 749 F.3d 117, 128 (2d Cir. 2014). The Court limits its consideration "to facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken." *Leonard F. v. Israel Disc. Bank of New York*, 199 F.3d 99, 107 (2d Cir. 1999). To survive a motion to dismiss, Scuteri's complaint need not allege facts sufficient to establish each element of a prima facie discrimination case, but "it must at a minimum assert nonconclusory factual matter sufficient to 'nudge its claims across the line from conceivable to plausible.'" *E.E.O.C. v. Port Auth. of New York & New Jersey*, 768 F.3d 247, 254 (2d Cir. 2014) (alterations removed) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 680, 129 S. Ct. 1937, 1950, 173 L. Ed. 2d 868 (2009)).

Scuteri's complaint alleges as follows. He has type I diabetes, a disorder of the endocrine system. *See* Compl. ¶ 5. In 2008, he passed a written examination and physical ability test as part of his application for employment with NYDS. *Id.* ¶ 16(A). In September 2013, the Department sent Scuteri a notice stating that he was "being

2

considered for possible future employment."[1] *Id.* ¶ 16(B); *see also* Pl.'s Opp'n to Mot. to Dismiss Ex. A (copy of notice). The notice listed procedures that "must be strictly complied with." Pl.'s Opp'n to Mot. to Dismiss Ex. A. The first item on the list directed Scuteri to report to the Department of Sanitation Clinic for a medical examination and explained how he would receive the results. *Id.* ¶ (A). The third item included instructions for participating in the Department's Commercial Driver's License ("CDL") Training Program and explained, "you will be scheduled for training as soon as you have obtained the required CDL Class B permit with the proper endorsements." *Id.* ¶ (C). Applicants who opted not to participate in the Department's CDL training program were "responsible for obtaining the required CDL Class B license on [their] own and at [their] own expense." *Id.* ¶ (D). Finally, the notice instructed applicants to bring a valid New York State CDL "when . . . notified to appear in the Human Resources Office for final processing." *Id.* ¶ (F).

On September 16, 2013, Scuteri underwent the Department's medical examination, which included a physical examination, a blood test, and questions about his medical history. Compl. ¶¶ 16(C)-(D). On January 8, 2014, the Department notified Scuteri that his blood test had revealed "blood chemistry anomalies indicating target organ pathology - elevated creatatine [sic] and urea nitrogen" and that he was therefore

---

[1]The notice was attached to Scuteri's Opposition to Defendant's Motion to Dismiss and incorporated by reference into the complaint.

3

disqualified from employment as a Sanitation Worker. *Id.* ¶ 16(E); *see also* Letter from Pl.'s Attorney to the Court (Feb. 19, 2016) Ex. 1 (Notice of Medical Disqualification). Scuteri appealed to the CSC, which upheld the Department's decision, reasoning that Scuteri had "fail[ed] to meet the medical standards for the position." Compl. ¶¶ 16(F)-(G). On November 4, 2014, Scuteri filed a discrimination charge with the U.S. Equal Employment Opportunity Commission, which notified him of his right to sue on May 29, 2015. *Id.* ¶¶ 2-3.

Scuteri claims that Defendants violated state and federal employment discrimination laws by (1) rejecting his application because of his disability, (2) refusing to provide a reasonable accommodation, (3) requiring Scuteri to submit to a medical examination before making a conditional offer of employment, and (4) promulgating medical guidelines that disqualify candidates from employment based on disability "without regard to their ability to perform the essential functions of the job with or without reasonable accommodation." *Id.* at 6-12.

## II.

The ADA prohibits "discriminat[ion] against a qualified individual on the basis of disability in regard to job application procedures." 42 U.S.C. § 12112(a). A prima facie case requires a plaintiff to show that "(1) his employer is subject to the ADA; (2) he was disabled within the meaning of the ADA; (3) he was otherwise qualified to perform the essential functions of his job, with or without reasonable accommodation;

4

and (4) he suffered adverse employment action because of his disability." *Giordano v. City of New York*, 274 F.3d 740, 747 (2d Cir. 2001) (citing 42 U.S.C. § 12112). The same requirements apply to claims under the Rehabilitation Act, the NYSHRL, and the NYCHRL. *See, e.g.*, *McElwee v. Cty. of Orange*, 700 F.3d 635, 640 (2d Cir. 2012) (observing that the standards adopted under the ADA and RA "are nearly identical" and "consider[ing] the merits of these claims together"); *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 332 (2d Cir. 2000) (analyzing a plaintiff's ADA claim concurrently with her NYSHRL one); *Katz v. Adecco United States, Inc.*, 845 F. Supp. 2d 539, 547–48 (S.D.N.Y. 2012) (noting that disability claims under the NYCHRL and NYSHRL demand proof of the same elements as the ADA).

### A.

Defendants first challenge the sufficiency of the complaint as to the third element, arguing that Scuteri has not alleged that he is "otherwise qualified to perform the essential functions of his job, with or without reasonable accommodation." *See* Def.'s Mem. of Law in Support of Mot. to Dismiss at 6-11. The Court disagrees.

Defendants argue that the essential functions of the job include possessing and maintaining a valid New York State Commercial Driver's License ("CDL") without an intrastate restriction. *Id.* at 10.[2] They further argue that Scuteri is disqualified from

---

[2] It is not clear that the Notice of Examination, on which the Defendants rely to identify the essential functions of the job of Sanitation Worker, is properly before the Court on a motion to dismiss; although Scuteri likely had knowledge of it and relied on it *in applying for the job*, it "is

5

performing those essential functions because "[b]oth federal and state regulations generally forbid the issuance of a NYS CDL to a person with diabetes who requires insulin to control that condition." *Id.* (citing 49 C.F.R. §§ 391.41, 391.43; 17 N.Y.C.R.R. § 820.3).

The Defendants' argument fails for two reasons. First, Defendants acknowledge that insulin-dependent diabetics may apply to the Federal Motor Carrier Safety Administration to obtain an exemption from the general prohibition. *Id.* at 8; *see also* U.S. Dep't of Transportation, *Qualifications of Drivers; Eligibility Criteria and Applications; Diabetes Exemption*, Fed. Reg. 67,777-81 (Nov. 8, 2005) (describing Diabetes Exemption Program).

Second, the allegations in the complaint and the documents incorporated by reference support the reasonable inference that candidates for the position of Sanitation Worker were not required to obtain a CDL *before* receiving the results of the Department's medical examination. That is, Scuteri plausibly alleges that a CDL was not required at that stage in the application process. It therefore remained to be seen whether Scuteri could qualify for a CDL by obtaining an exemption and successfully

---

not a document that he relied upon *in bringing his . . . claim*, nor is it a document that is integral to the complaint as it is never even mentioned there." *Smith v. Hogan*, 794 F.3d 249, 254–55 (2d Cir. 2015) (emphasis added). The Court need not resolve the matter, because consideration of the document would not change its decision. The Notice of Examination states that applicants must have a CDL "at the time of appointment." Garrett S. Kamen Decl. (June 27, 2016) Ex. A. The complaint alleges that Scuteri had not yet received an offer of employment; one may therefore reasonably infer that "the time of appointment" had not yet arrived when the Department disqualified Scuteri.

6

completing the other licensing requirements. Defendants admit that they "are not part of the exemption process[,]" which "is run by the Federal Motor Carrier Safety Administration." *See* Def.'s Reply to Pl.'s Opp'n to Mot. to Dismiss at 3; *see also* 82 Fed. Reg. 37,486, 37,486-87 (Aug. 10, 2017) (describing the Federal Diabetes Exemption Program). And they offer no reason, other than Scuteri's diabetes, that he would not qualify to obtain a CDL if he had been allowed to continue the hiring process. Thus, Scuteri is not ineligible to obtain a CDL and perform the essential functions of the job simply because he is an insulin-dependent diabetic. He sufficiently alleges that he was "otherwise qualified to perform the essential functions of [the] job . . . ." *Giordano v. City of New York*, 274 F.3d at 747.

**B.**

Defendants next argue that Scuteri's complaint does not allege sufficient facts to give rise to an inference of discrimination. Def.'s Mem. of Law at 11-12. Scuteri alleges that Defendants informed him that he was disqualified from employment "solely due to his medical condition." Compl. at ¶ 16(F). Defendants appear to concede that the reason Scuteri was disqualified was because he had diabetes (although, as discussed above, they argue that his diabetes would prevent him from performing an essential function of the job). These facts would likely constitute direct evidence of discrimination and are therefore sufficient to plausibly allege discriminatory intent, or that the Department disqualified Scuteri "because of [his] disability." *Giordano v. City of New York*, 274

7

F.3d at 747; *see also Martinson v. Kinney Shoe Corp.*, 104 F.3d 683, 686 (4th Cir. 1997) ("When an employer concededly discharges an employee because of a disability, the employee need prove nothing more to meet the [discriminatory motive] prong of the prima facie test.").

## C.

Discrimination under the ADA includes "not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability." *McBride v. BIC Consumer Prod. Mfg. Co.*, 583 F.3d 92, 96 (2d Cir. 2009) (citing 42 U.S.C. § 12112(b)(5)(A)). Defendants argue that Scuteri's reasonable accommodation claim should be dismissed because (1) he fails to allege that he was qualified to perform the essential functions of the job and (2) he "does not allege that he requested an accommodation before he received the January 8, 2014 Notice of Medical Disqualification . . . ." Def.'s Mem. of Law at 12-13. For the reasons discussed above, the first argument is without merit.

The second is without merit as well. The Department here knew of Scuteri's disability, triggering its duty to engage in an "interactive process . . . to accommodate the disability of an employee even if the employee does not request accommodation." *McElwee v. Cty. of Orange*, 700 F.3d 635, 642 (2d Cir. 2012); *see Jacques v. DiMarzio, Inc.*, 200 F. Supp. 2d 151, 169 (E.D.N.Y. 2002), as supplemented (May 6, 2002) (stating an employer's knowledge of the disability triggers the obligation). One may reasonably

8

infer from the facts alleged in Scuteri's complaint that the Department did not engage Scuteri in such a process.

**D.**

Defendants' remaining arguments do not require extensive analysis. First, as Defendants correctly argue, Scuteri's ADA Title II claim must be dismissed because the Second Circuit limits ADA employment discrimination claims to Title I. *See Mary Jo C. v. New York State & Local Ret. Sys.*, 707 F.3d 144, 171 (2d Cir. 2013) ("A public employee may not bring a Title II claim against his or her employer, at least when the defendant employer employs fifteen or more employees.").

Second, Defendants argue that plaintiff's claims should be brought against the City of New York, not the Department, which is not a suable entity under N.Y. City Charter § 396. *See* Def.'s Mem. of Law at 14. Scuteri consents to dismissal of his claims against the Department. Pl.'s Opp'n at 19. The Department of Sanitation and Kathryn Garcia are therefore dismissed from this action. However, the Court construes the claims against the Department as being made against the City of New York.

Third, Defendants argue the CSC should be dismissed, reasoning that (1) Scuteri did not name the CSC in his EEOC charge and therefore his claims are not exhausted as to that party, and (2) Scuteri does not allege any discriminatory acts by the CSC. Both arguments are without merit.

A plaintiff must exhaust claims under Title I of the ADA by filing a charge with

the EEOC or the relevant state agency. *See* 42 U.S.C. § 12117(a); 42 U.S.C. § 2000e-5. Normally each defendant named in the complaint must be named in the charge, but the Second Circuit recognizes an exception to that rule "where there is a clear identity of interest between the unnamed defendant and the party named in the administrative charge." *Johnson v. Palma*, 931 F.2d 203, 209 (2d Cir. 1991). Here, the facts alleged in the complaint do not permit the Court to conclude that the identity of interest exception does not apply, and Defendants' argument– that the Department and the CSC are separate agencies with different responsibilities– has little bearing on whether they share an identity of interest. *See Johnson v. Palma*, 931 F.2d at 209-10 (listing relevant factors); *see also Jackson v. New York City Transit*, 2005 WL 2664527, at *3 (E.D.N.Y. Oct. 19, 2005) (denying motion to dismiss based on failure to exhaust where facts alleged did not permit the conclusion that no identity of interest existed).

Defendants cite no authority for the proposition that the CSC's decision upholding the Department's disqualification of Scuteri does not constitute a discriminatory act. Scuteri's allegations against the CSC are therefore sufficient to state a claim.[3]

Finally, for the first time in their Reply to Scuteri's Opposition to their Motion to Dismiss, Defendants challenge Scuteri's claim that he was subjected to an improper pre-employment medical examination, arguing that the claim is (1) time-barred, (2)

---

[3] Research does not reveal authority addressing whether the CSC is a suable entity under N.Y. City Charter § 396. However, federal courts commonly adjudicate discrimination claims against the CSC, *see, e.g.*, *Daley v. Koch*, 892 F.2d 212, 213 (2d Cir. 1989) (claim under Rehabilitation Act), and, in any event, Defendants do not argue that the CSC is not a suable entity.

unexhausted, and (3) foreclosed by 42 U.S.C. § 12112(d) (providing that a "covered entity may make preemployment inquiries into the ability of an applicant to perform job-related functions"). Def.'s Reply to Pl.'s Opp'n at 6-7.

The Court need not consider arguments raised for the first time in a reply. *Keefe on Behalf of Keefe v. Shalala*, 71 F.3d 1060, 1066 n.2 (2d Cir. 1995); *Zirogiannis v. Seterus, Inc.*, 221 F. Supp. 3d 292, 298 (E.D.N.Y. 2016) ("It is well-established that arguments may not be made for the first time in a reply brief." (internal quotation marks and alterations omitted)). However, Defendants' timeliness argument may be correct. The applicable limitations period required Scuteri to file an EEOC charge regarding the medical examination within 300 days of the examination. *See Zerilli-Edelglass v. New York City Transit Auth.*, 333 F.3d 74, 76 (2d Cir. 2003), *as amended* (July 29, 2003) (citing 42 U.S.C. §§ 2000e-5(e)(1), (f)(1) & 12117(a)); *Ayazi v. New York City Dep't of Educ.*, 586 F. App'x 600, 602 (2d Cir. 2014) (calculating the limitations period from the time of the challenged medical examination). Scuteri alleged that the unlawful medical examination occurred on September 16, 2013. Compl. ¶ 16(C). He filed his EEOC charge on November 4, 2014– 414 days later. Compl. ¶ 2. Scuteri's claim thus appears to be untimely. Nonetheless, dismissal on that ground is inappropriate because Scuteri has not had an opportunity to raise exceptions to the limitations period, such as equitable tolling. *See Zerilli-Edelglass*, 333 F.3d at 80-81. Defendants may renew the limitations defense in their answer to the complaint.

The Court declines to consider the remaining arguments raised for the first time in Defendants' reply.

## III. Conclusion

For the foregoing reasons, the motion to dismiss is GRANTED as to the Department of Sanitation, Department Commissioner Kathryn Garcia, and Scuteri's claims under Title II of the ADA. The motion is DENIED in all other respects.

**SO ORDERED**

    _Frederic Block_____
    FREDERIC BLOCK
    Senior United States District Judge

Brooklyn, New York
September 20, 2017